# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Renae T. Creel at 2:18 pm, Oct 21, 2016

In the matter of: )
 )  Chapter 13 Case
 )
LINDA DIANE PRUITT, )
 )  Number 16-41021-EJC
 )
*Debtor.* )
 )

### MEMORANDUM OPINION ON DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY AS TO KNOLLWOOD TOWNHOMES CONDOMINIUM ASSOCIATION, INC.

Pending before the Court is the Debtor's Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) (the "Motion to Extend") (dckt.6) and the Response to Motion to Extend the Automatic Stay (the "Objection") (dckt 18) filed by creditor Knollwood Townhomes Condominium Association, Inc. ("Knollwood"). Because the Debtor had a prior case pending within the preceding 1-year period that was dismissed, she filed the instant Motion to Extend seeking to extend the automatic stay as to all creditors past the 30-day period provided by 11 U.S.C. 11 U.S.C. § 362(c)(3)(A). In its Objection, Knollwood argued that the automatic stay should not be extended because the Debtor filed her instant Chapter 13 petition in bad faith, at least as to Knollwood.

The Motion to Extend came on for hearing on July 28, 2016 and on August 3, 2016. After consideration of the evidence presented at these hearings, Knollwood's Objection is SUSTAINED and the Debtor's Motion to Extend, as to Knollwood, is DENIED.

## I. JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by then Chief Judge Anthony A. Alaimo on July 13, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(G). In accordance with Bankruptcy Rule 7052, the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

The Debtor is the owner of a condominium unit located within the Knollwood Townhomes Condominium in Savannah, Georgia (the "Condo")[1]. As a unit owner, the Debtor is obligated to pay a monthly assessment to the condominium's homeowner association, Knollwood. Sometime around 2009, the Debtor began to fall behind on these assessments and became substantially in arrears by 2015. As a result, Knollwood took action to collect on its debt. On April 16, 2015, Knollwood obtained a $7,200.00 judgment against the Debtor and filed a levy on the Condo. Shortly thereafter, the Debtor filed for Chapter 13 bankruptcy protection. However, that case was dismissed on January 19, 2016. Upon dismissal, Knollwood recommenced its levy and scheduled a sheriff's sale of the Condo. On July 1, 2016, the last day business day before sheriff's sale, the Debtor filed the instant Chapter 13 bankruptcy case.

---

[1] According to the Debtor, she inherited the Condo from her sister nearly sixteen (16) years ago.

AO 72A
(Rev. 8/82)

2

A. The Debtor's 2009 Bankruptcy Case

On February 2, 2009, the Debtor filed for Chapter 13 bankruptcy protection.[2] (2009 Case, Dckt. 1). In her schedules, the Debtor listed a one-half interest in the Condo. *Id.* At confirmation, the value of the Debtor's interest was established at $36,250.00 with no liens against the Condo. (2009 Case, Dckt. 56). Pursuant to her confirmed plan, the Debtor was required to pay $475.00 per month to the Chapter 13 Trustee. (2009 Case, Dckt. 48). On December 5, 2011, the Chapter 13 Trustee filed a Motion to Convert to Chapter 7 due to a plan payment arrearage of $1,425.00. (2009 Case, Dckt. 56). To hold off conversion, the Debtor entered into a consent order with the Trustee which increased her monthly plan payments to $556.00 and required strict compliance for ten months. (2009 Case, Dckt. 60). However, the Debtor was unable to make the required payments and her case was converted to Chapter 7 on June 26, 2012. (2009 Case, Dckt. 75).

On October 10, 2012, upon the Debtor's motion, the case was converted back to Chapter 13 with a monthly plan payment of $808.00. (2009 Case, Dckt. 82, 88). The Debtor once again fell behind on her required payments and the Trustee filed a Motion to Dismiss on June 14, 2013. (2009 Case, Dckt. 94). To avoid dismissal, the Debtor and the Trustee entered into a consent order that increased her monthly payments to $879.00 and required strict compliance for three months. (2009 Case, Dckt. 95).

On July 2, 2013, Knollwood also filed a Motion to Dismiss due to the Debtor's $2,884.30 post-petition condominium assessment arrearage. (2009 Case, Dckt. 97). On

---

[2]This case was designated as Case No. 09-40226-LWD. All references to the docket in this case will be cited as [2009 Case, Dckt. #].

November 5, 2013, the parties entered into a consent order that avoided dismissal of the case. According to the order, the Debtor was required to pay Knollwood $150.00 per month through discharge of the case. (2009 Case, Dckt. 103). In addition, the Debtor was obligated to make post-discharge payments of $800 for three months along with a fourth payment of $484.30. *Id.* On June 19, 2014, the Debtor received her discharge, but failed to make any of the post-discharge payments to Knollwood. (2009 Case, Dckt. 114).

B. The Debtor's 2015 Bankruptcy Case

On December 2, 2014, Knollwood filed suit against the Debtor in the Magistrate Court of Chatham County, Georgia (Case No. MGCV1416132) to collect the Debtor's assessment arrearage. Knollwood obtained a $7,178.47 default judgment against the Debtor and filed a levy on the Condo on April 26, 2015. Shortly thereafter, on May 13, 2015, the Debtor filed her second Chapter 13 bankruptcy petition.[3]

On July 10, 2015, Knollwood filed a Motion for Relief from Stay due to the Debtor's failure to pay post-petition condominium assessments. (2015 Case, Dckt. 19). On July 15, 2015, the parties entered into a consent order that denied relief from the stay on the condition that the Debtor cure the post-petition arrearage. Further, the consent order placed the Debtor under strict compliance for all subsequent post-petition assessments. (2015 Case, Dckt. 22). On January 29, 2016, the Debtor's case was dismissed for failure to make her plan payments. (2015 Case, Dckt. 32).

---

[3]This case was designated as Case No. 15-40705-EJC. All references to the docket in this case will be cited as [2015 Case, Dckt. #].

### C. The Debtor's Current Bankruptcy Case

Following dismissal of the Debtor's 2015 case, Knollwood re-commenced its levy in the Magistrate Court of Chatham County, and the Condo was set for a sheriff's sale on July 5, 2016. However, on Friday, July 1, 2016, the last business day preceding the sale, the Debtor filed her instant Chapter 13 case which resulted in a stay of the sheriff's sale (Dckt. 1). In her schedules, the Debtor listed that she now held fee simple ownership of the Condo, which was valued at $62,000.00. *Id.* In addition, the Debtor indicated that the Condo is encumbered by the $7,200 judgment lien held by Knollwood, a $1,600 tax lien held by the Chatham County Tax Commissioner, and a $600 tax lien held by the City of Savannah. *Id.*

Concurrent with the filing of her petition, the Debtor filed the instant Motion to Extend seeking an extension of the automatic stay as to all creditors. (Dckt. 6). In her Motion, the Debtor states that she experienced several health and emotional issues shortly after filing her 2015 Chapter 13 case that made it impossible for her to work. *Id.* As a result, she was unable to adequately fund her case and it was dismissed. *Id.* The Debtor now asserts that she will be able to fully perform a confirmed plan in this case due to a change in her circumstances. *Id.*

On July 19, 2016, Knollwood filed its Objection arguing that the automatic stay should not be extended because the instant Chapter 13 case was not filed in good faith. (Dckt. 18). No other creditors or parties-in-interest filed an objection. On July 28, 2016, the Court held a hearing on the Motion to Extend and Knollwood's Objection.

At the start of the hearing, Debtor's counsel stated that he had agreed with Knollwood to continue the matter, as it relates to Knollwood, to August 3, 2016 because the

Debtor was in the emergency room. However, the Court still heard arguments from Debtor's counsel as to whether the automatic stay should be extended as to all other creditors. On July 29, 2016, the Court entered an order extending the stay as to all creditors other than Knollwood. (Dckt. 19). In addition, the Court extended the stay as to Knollwood on an interim basis. *Id.*

At the August 3, 2016 hearing, the Debtor testified to the change in circumstances that has occurred since the dismissal of her previous case. The Debtor stated that she moved out of the Condo in August 2015 and now lives with her mother, who pays her expenses. In addition, the Debtor testified her income consists of $200 in food stamps and $500 in rental income from the Condo.[4] Although still unemployed due to her medical issues, the Debtor stated that she has applied for $1,035.00 in monthly disability benefits. The Debtor testified that her application was initially denied, but she is currently appealing the denial. If successful, the Debtor indicated that she plans to move back into the Condo.

### III. CONCLUSIONS OF LAW

A. Procedural Requirements of 11 U.S.C. § 362(c)(3)

With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress amended the stay provisions with respect to certain individual debtors who file a new bankruptcy case within a year of the dismissal of their previously pending case or cases. *See* 11 U.S.C. § 362(c)(3). Pursuant to § 362(c)(3)(A), the stay of 11 U.S.C. § 362(a) terminates automatically as to the debtor on the 30th day after

---

[4] According to the Debtor, she entered into a one-year lease of the Condo beginning in December 2015.

the filing of the new case if the debtor (1) is an individual currently in a case under chapter 7, 11, or 13; and (2) had one previous case under any chapter except "a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)" dismissed in the preceding year. 11 U.S.C. § 362(c)(3). Because the Debtor had a prior case pending within the preceding 1-year period that was dismissed, the automatic stay was set to expire in the instant case on August 1, 2016.

However, § 362(c)(3)(B) authorizes the Court to extend the automatic stay if four requirements are met: (1) a motion is filed requesting the automatic stay be extended; (2) there is notice and a hearing on the motion; (3) the hearing is completed within 30 days of the date of the petition; and (4) the movant must prove that the filing of the new case was "in good faith as to the creditors being stayed." 11 U.S.C. § 362(c)(3)(B).

In this case, the Debtor has clearly met the first two requirements of § 362(c)(3)(B): (1) the Debtor filed her Motion to Extend on the same day as her Chapter 13 petition; and (2) notice of the Motion to Extend was sent by the Clerk's Office. There is some question as to whether the third requirement has been met because the Court held a continued hearing on the Motion to Extend on August 3, 2016, which was 32 days after the date of the Debtor's petition. However, the Court need not address this issue because, as will be explained, the Debtor has failed to prove that the filing of this case was in good faith as to Knollwood.

B. "Good Faith" Under § 362(c)(3)(B)

There are two different standards of proof under the Code to determine if the

instant case was filed in good faith. The standard of proof that the moving party must meet depends on whether or not the statutory presumption of 11 U.S.C. § 362(c)(3)(C) applies. Section 362(c)(3)(C) identifies several circumstances that will trigger the presumption that the case was filed not in good faith. If one or more of those specific conditions are present, the movant must rebut the presumption by clear and convincing evidence. However, if no presumption arises, the moving party must only carry its burden of proof by a preponderance of the evidence.

Section 362(c)(3)(C)(ii) provides that the rebuttable presumption of bad faith will arise as to a specific creditor if debtor's prior case was dismissed either while the creditor's motion for relief from the automatic stay was pending or had been resolved by terminating, conditioning, or limiting the stay as to the actions of the creditor. Here, Knollwood filed a Motion for Relief from Stay (2015 Case, dckt. 22) in the Debtor's 2015 Chapter 13 case. The motion was resolved by a consented-to strict compliance order that denied relief on the condition that the Debtor cure her post-petition arrearage and make all subsequent monthly assessments. Accordingly, the Court finds § 362(c)(3)(C)(ii) applicable in this case, and thus there is a presumption that the instant Chapter 13 case was not filed in good faith as to Knollwood. However, the Debtor may be rebut such presumption by clear and convincing evidence to the contrary.[5]

---

[5] Clear and convincing evidence "[is that] 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'" *Thornes*, 386 B.R. at 907(internal citations omitted).

The Code does not provide any guidance on how a debtor can rebut this presumption. However, a number of courts have applied a "totality of circumstances" test in analyzing "good faith." *In re Thornes*, 386 B.R. 903, 907 (Bankr. S.D. Ga. Sept. 26, 2007) (J. Davis); *see also McKinnon*, 378 B.R. 405; *In re Charles*, 334 B.R. 207, 219–23 (Bankr. S.D. Tex. 2005) (articulating various factors for considering good faith under § 362(c)(3)). *In re Montoya*, 333 B.R. 449, 458 (Bankr. D. Utah 2005). As the Eleventh Circuit Court of Appeals said, the inquiry into good faith "should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose or spirit of [the Bankruptcy Code]." *Kitchens v. Ga. R.R. Bank and Trust Co. (In re Kitchens)*, 702 F.2d 885, 888 (11th Cir. 1983). After weighing the totality of circumstances, the Court finds that the Debtor has not proven by clear and convincing evidence that her case has been filed in good faith as to Knollwood.

The filing of the instant case appears to be an attempt to further delay or frustrate Knollwood's ability to foreclose on the Condo. As previously mentioned, Knollwood obtained a judgment against the Debtor and filed a levy on the Condo over a year ago. However, since that date the Debtor has filed two bankruptcy petitions that have prevented Knollwood from successfully executing its levy. In fact, counsel for debtor stated at the July 28, 2016 hearing that the instant petition was filed to stop Knollwood's scheduled sheriff's sale of the Condo. While this factor alone may not be determinative of bad faith, other factors exist that weigh against a finding of good faith.

The Debtor's past payment history with Knollwood also weighs against a

finding of good faith. In her 2009 and 2015 Chapter 13 cases, the Debtor failed to make post-petition assessment payments to Knollwood on several occasions. In both cases, Knollwood consented to strict compliance orders in lieu of moving to dismiss the Debtor's case or seeking relief from the automatic stay. Accordingly, Knollwood has given the Debtor ample opportunity to show her ability and willingness to cure the assessment arrearage through a Chapter 13 plan. However, the Debtor failed to comply with the orders in both cases and has continued to miss her monthly assessment payments. As a result, the Debtor has become nearly four (4) years behind on her condo assessments.

Although the Debtor presented evidence of changes in her financial circumstances, the Court finds these changes to be too uncertain and speculative at this time to outweigh the above-mentioned factors indicating bad faith. At the August 3, 2016 hearing, the Debtor testified that she has reduced her expenses and increased her income by moving in with her mother and renting out the Condo to a friend for $500.00 a month. However, it is uncertain how long this living situation will continue. The Debtor stated that she has applied for $1,035.00 in monthly disability benefits and plans to move back into the Condo upon approval of her application. If that were to occur, the Debtor would no longer receive $500.00 in rental income and would likely see a significant increase in her expenses. Further, there is also some uncertainty as to whether the Debtor will be successful in obtaining disability benefits. According to the Debtor, her initial application was denied, but is currently being appealed.

For the foregoing reasons, the Court concludes that the Debtor has not rebutted

the presumption, by clear and convincing evidence, that the instant Chapter 13 petition was not filed in good faith as to Knollwood. Thus, the Court will enter a separate order denying the Debtor's Motion to Extend as to Knollwood.

Dated at Savannah, Georgia, this 21st day of October, 2016.

_____
Edward J. Coleman, III, Judge
United States Bankruptcy Court
Southern District of Georgia